IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN M. NIELSEN,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-3883 (JBS)<br><br>**OPINION** |

APPEARANCES:

Frederick Michael Friedman, Esq.
821 Terwood Road
P.O. Box 467
Drexel Hill, PA 19026
    Attorney for Plaintiff

Heather Anne Benderson
Special Assistant U.S. Attorney
Social Security Administration
Office of the General Counsel
300 Spring Garden Street
Philadelphia, PA 19101
    Attorney for Defendant Commissioner of Social Security

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

This matter comes before this Court pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of the Social Security Administration (hereinafter "the Commissioner") denying the application of Plaintiff Joan M. Nielsen (hereinafter "Plaintiff") for disability benefits under

Title II of the Social Security Act, 42 U.S.C. § 401, et seq., and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. § 401 et seq. Plaintiff, who suffers from rheumatoid arthritis, depression, tachycardia, headaches, high blood pressure, kidney stones, osteopenia, degenerative disc and joint disease of the lumbar and cervical spine, fibromyalgia, melanoma, and carpal tunnel syndrome was denied benefits for the period beginning on July 7,2010, the alleged onset date of disability, to December 10, 2015, the date on which Administrative Law Judge Michael A. Rodriguez (hereinafter "ALJ Rodriguez" or "the ALJ") issued a thorough written decision.

In the pending appeal, Plaintiff argues that the ALJ's decision must be reversed and remanded on numerous grounds, including that the ALJ erred by: misstating or mischaracterizing the evidence; failing to give proper consideration to the opinions of treating physicians and giving too much weight to the opinion of the consultative examiner; and failing to give proper weight to Plaintiff's subjective complaints of pain and limitations.[1] Defendant Commissioner of Social Security

---

[1] Plaintiff initially also argued that the ALJ misstated Plaintiff's age and failed to treat Plaintiff's age as "borderline" under Defendant's own guidelines. (See Pl.'s Br. [Docket Item 14], 17-19.) However, this argument has since been withdrawn. (See Pl.'s Reply [Docket Item 22], 1-2.)

(hereinafter "Defendant") opposes Plaintiff's appeal. (See Def.'s Opp'n [Docket Item 17].) For the reasons stated below, the Court will affirm the ALJ's decision.

## II. BACKGROUND

### A. Procedural History

Plaintiff filed her applications for Social Security disability benefits and supplementary security income on November 28, 2014, alleging an onset date of July 7, 2010. (Administrative Record (hereinafter "R.") [Docket Item 5], 29.) Plaintiff's claim was denied by the Social Security Administration on May 29, 2013. (Id.) Her claim was again denied upon reconsideration on October 3, 2013. (Id.) Plaintiff next testified before ALJ Rodriguez by way of a video hearing on October 8, 2015. (Id.) ALJ Rodriguez issued his opinion on December 10, 2015, denying Plaintiff benefits. (Id. at 29, 37-38.) On April 21, 2017, the Appeals Council denied Plaintiff's request for review. (Id. at 1-3.) This appeal timely follows.

### B. Medical History & ALJ Decision

Plaintiff has a history of neck and back pain stretching at least as far back as a motor vehicle accident in 2005. (Id. at 31.) Beginning in 2010, medical imaging revealed degeneration in her lumbar spine and her right wrist, as well as bulging and herniation in certain spinal discs. (Id. 31-32.) Plaintiff has a history of kidney stones, sometimes resulting in

3

hospitalizations. (Id. at 32.) Plaintiff has also been diagnosed with rheumatoid arthritis, migraine headaches, fibromyalgia, tachycardia, lower back pain, anxiety, and melanoma. (Id.) Plaintiff has been diagnosed with depressive disorder and anxiety disorder. (Id.) Plaintiff has further undergone surgery for carpal tunnel syndrome. (Id.)

In a written decision dated December 10, 2015, ALJ Rodriguez determined that Plaintiff was not disabled within the meaning of the Social Security Act at any time from July 7, 2010, the alleged disability onset date, through December 10, 2015, the date of the ALJ's decision. (Id. at 29, 37-38.)

Using the five-step sequential evaluation process, the ALJ determined at step one that Plaintiff had not engaged in any substantial gainful activity since July 7, 2010, the alleged onset date of disability. (Id. at 31.)

At step two, the ALJ found that Plaintiff had severe impairments due to rheumatoid arthritis, depression, tachycardia, headaches, high blood pressure, kidney stones, osteopenia, degenerative disc and joint disease of the lumbar and cervical spine, and fibromyalgia. (Id. at 31-32.) Notably, the ALJ determined that Plaintiff's melanoma and carpal tunnel syndrome were not severe. (Id. at 32.)

Next, at step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, meet the severity of one

of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Id. at 32-34.) Specifically, in considering whether Plaintiff's "upper and lower extremity impairments" reached the severity level of a listed Major Joint Dysfunction, 1.02, the ALJ noted that Plaintiff's conditions "do not result in an inability to ambulate effectively or perform fine and gross manipulations effectively." (Id. at 32.) The ALJ further found that Plaintiff's spine disorders were not severe enough to meet the requirements of Listing 1.04. (Id. at 32-33.) In considering the severity of Plaintiff's rheumatoid arthritis, the ALJ determined that it "does not meet the requirements of Listing 14.09 because the claimant does not have a persistent deformity or inflammation in one or more major peripheral weight-bearing joints or inflammation or deformity in one or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movements effectively;" the ALJ also found that Plaintiff "has not had repeated manifestations of inflammatory arthritis." (Id. at 33.) The ALJ additionally found that "[t]here is no evidence in the medical file of a specific body system so affected" by hypertension "as to meet a listing in the instant case." (Id.) With regards to Plaintiff's mental impairments, the ALJ found that they do not meet or medically equal the criteria of Listing 12.04, in part

5

because Plaintiff's condition does not meet the requirements of "paragraph B" or "paragraph C." (Id. at 33-34.)

Between steps three and four, the ALJ needed to determine Plaintiff's Residual Functional Capacity ("RFC"). The ALJ found that Plaintiff had the RFC to perform "sedentary work" except "no pushing or pulling with arms or legs; no climbing ropes, ladders, or scaffolds; no kneeling, crouching, or crawling; occasional stairs and ramps; occasional balancing; occasional stooping; frequent reaching; frequent bilateral manual dexterity functions including fine and gross manipulation." (Id. at 34.) In determining Plaintiff's RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id.) The ALJ largely discounted the medical opinions of Plaintiff's treating physician, Dr. Susan Moreno, M.D., finding that "the medical records from the treating sources including physical examinations simply do not support [her] limited functional assessment." (Id. at 36.) Finally, the ALJ gave "some weight" to the opinion of Dr. Lawrence Mintzner, Ph.D., the state agency psychological consultant who examined Plaintiff on May 22, 2013 and on June 2, 2015, (see id. at 879-83, 983-90), because the ALJ found there to be an "inconsistency between the narrative and the medical source statement." (Id. at 35.) The ALJ gave "significant weight to the opinion of Dr. Juan

Carlos Cornejo[, D.O.]," the state agency orthopedic consultative examiner "because it is consistent with the totality of the evidence including clinical findings." (Id. at 36.)

Based on Plaintiff's RFC and testimony from a vocational expert, the ALJ found, at step four, that Plaintiff was "unable to perform any relevant work." (Id. at 36.) At step five, however, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including those of document scanner (44,000 jobs nationally), order clerk (19,000 jobs nationally), and assembler (29,000 jobs nationally). (Id. at 37.) Accordingly, the ALJ found that Plaintiff was not disabled. (Id. at 37-38.)

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Court's review is deferential to the Commissioner's decision, and the Court must uphold the Commissioner's factual findings where they are supported by "substantial evidence." 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Cunningham v. Comm'r of Soc. Sec., 507 F. App'x 111, 114 (3d Cir. 2012). Substantial evidence is defined as "more than a mere scintilla," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

7

U.S. 389, 400 (1971); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (using the same language as Richardson). Therefore, if the ALJ's findings of fact are supported by substantial evidence, the reviewing court is bound by those findings, whether or not it would have made the same determination. Fargnoli, 247 F.3d at 38. The Court may not weigh the evidence or substitute its own conclusions for those of the ALJ. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

However, the District Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984); Cunningham, 507 F. App'x at 120. Evidence is considered "new" if it is "not merely cumulative of what is already in the record." Szubak, 745 F.2d at 833 (citing Bomes v. Schweiker, 544 F.Supp. 72, 75–76 (D. Mass. 1982)). In order to be "material," evidence must be "relevant and probative" and must "relate to the time period for which benefits were denied." Id. (citing Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981); Ward v. Schweiker, 686 F.2d 762, 765 (9th Cir. 1982)).

Remand is not required where the new evidence would not affect the outcome of the case. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005).

**IV. DISCUSSION**

As described, supra, Plaintiff is pursuing three theories in support of her request to overturn the ALJ's decision. The Court addresses each of them in turn.

**A. The ALJ's Alleged Misstatement or Mischaracterization of the Evidence**

Plaintiff alleges that the ALJ misstated or mischaracterized the evidence on the record. (Pl.'s Br. [Docket Item 14], 19-21.) However, the only examples that Plaintiff gives of the ALJ's alleged misstatements or mischaracterizations center on the ALJ's weighting of the numerous medical opinions in this case or on the ALJ's treatment of Plaintiff's subjective complaints of pain or limitations. (See Pl.'s Br. [Docket Item 14], 20-21; Pl.'s Reply [Docket Item 22], 2-7.) As Plaintiff has separate, stand-alone arguments related to each of these issues, the Court shall address the them in conjunction with those arguments, below. Consequently, the Court shall not reverse the ALJ's decision on the basis of this argument.

**B. The ALJ's Alleged Failure to Give Proper Consideration to the Opinions of Treating Physicians and Giving Too Much Weight to the Opinions of the Consultative Examiner**

Plaintiff further alleges that the ALJ failed to give proper consideration to the opinions of treating physicians and gave too much weight to the opinions of the consultative examiner. (Pl.'s Br. [Docket Item 14], 21-28.)

Initially Plaintiff asserts that the ALJ mischaracterizes Dr. Moreno's opinion by asserting that she regarded Plaintiff's kidney stones as the only source of Plaintiff's back pain. (Id. at 20-21; Pl.'s Reply [Docket Item 22], 2-7.) Plaintiff further asserts that the ALJ did not give any proper basis for discrediting Dr. Moreno's assessment. (Pl.'s Br. [Docket Item 14], 24-25.)

However, in full context, it is clear that the ALJ understood that Dr. Moreno believed that recurring bouts of arthritis were also a contributing factor to Plaintiff's pain and limitations, but that the ALJ discounted Dr. Moreno's assessment because he did not believe that it was supported by Plaintiff's medical record:

> I accorded very little weight to Dr. Moreno's limited functional assessment (Exhibit 17F) which states [Plaintiff's] back pain is from kidney stones. This may support the assessment on an occasional basis but not on an ongoing basis. Further the treating records show effective treatment[,] albeit recurrent[,] and with rheumatoid arthritis flare-ups, but the medical records from the treating sources[,] including physical examinations[,] simply do not support [Dr. Moreno's] limited functional assessment.

10

(R. at 36.) Therefore, the Court finds that the ALJ has appropriately explained his basis for giving Dr. Moreno's opinion a lesser weight and the Court shall not remand this case on the basis of this argument.

Next, Plaintiff asserts that the ALJ erred by ignoring the medical opinion of Dr. Vincent M. Padula, D.O. (See Pl.'s Br. [Docket Item 14], 25.) Defendant does not contest that the ALJ did not mention Dr. Padula in his decision. (See Def.'s Opp'n [Docket Item 17], 22-23.) The administrative record in this case contains thirteen (13) pages of records from Dr. Padula. (R. 465-77.) The majority of these pages contain treatment notes, but exhibit very few opinions or impressions, and contain no discussion whatsoever of Plaintiff's ability to work. (Id.) On this record, it is impossible for the Court to say that a more thorough evaluation of Dr. Padula's notes would have resulted in the ALJ coming to any different outcome. As stated, supra, the Court is not required to remand this case where such remand would not affect the outcome of the case. Rutherford, 399 F.3d at 553. Therefore, the Court shall not remand this case on this basis.

Finally, Plaintiff asserts that the ALJ gave an inappropriately large weight to the opinion of Dr. Cornejo, the consulting examiner. (See Pl.'s Br. [Docket Item 14], 26-28.) However, the ALJ's opinion is very clear regarding Dr. Cornejo.

Due to the consistency of Dr. Cornejo's assessment with the medical record, including with the inconsistencies in Plaintiff's subjective complaints of pain discussed below, the ALJ gave greater weight to Dr. Cornejo's opinion than he did to those opinions that he found did not accord as well with the medical record, those of Dr. Mintzner and Dr. Moreno. (R. at 35-36.) It is the ALJ's role to determine the weight to assign to each medical opinion, in light of the rest of the evidence on the record. 20 C.F.R. §§ 404.1527, 416.927. The ALJ's determination that Dr. Cornejo's opinion deserves greatest weight because it aligns most with the medical record is a permissible ground for according it greater weight. Id. As stated, supra, the Court may not weigh the evidence or substitute its own conclusions for those of the ALJ. Chandler, 667 F.3d at 359. As such, this Court shall not remand this case on this basis.

Therefore, the Court finds that the ALJ gave sufficient consideration to the opinions of Plaintiff's treating physicians and gave appropriate weight to the opinions of the consultative examiner. Accordingly, the ALJ's decision shall not be reversed on the basis of this argument.

    **C.    The ALJ's Alleged Failure to Give Proper Weight to Plaintiff's Subjective Complaints of Pain and Limitations**

Plaintiff finally alleges that the ALJ failed to give proper weight to Plaintiff's subjective complaints of pain and limitations. (Pl.'s Br. [Docket Item 14], 28-29.) Plaintiff rightly cites to Schaudeck, which states that "[a]n ALJ must give great weight to a claimant's subjective testimony of the inability to perform even light or sedentary work when this testimony is supported by competent medical evidence." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 433 (3d Cir. 1999) (citing Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979)).

In this case, the ALJ found that Plaintiff's statements were "only partially credible" and therefore the ALJ only "accorded some weight to [Plaintiff's] subjective complaints," rather than great weight. (R. 36 (emphasis added).) However, the record shows that during Plaintiff's examination by Dr. Cornejo she exhibited inconsistent limitations, leading the examining physician to conclude that Plaintiff was not being wholly forthcoming regarding the extent of her physical limitations and the associated pain. (Id. at 956.) Plaintiff's lack of forthrightness during Dr. Cornejo's examination is sufficient justification for the ALJ to partially discount Plaintiff's complaints of pain and limitations. Therefore, the Court finds that the ALJ gave sufficient weight to Plaintiff's subjective

complaints of pain and limitations, and the ALJ's decision shall not be reversed on this basis.

## V. CONCLUSION

For these reasons set forth above, the ALJ's decision will be affirmed. An accompanying Order will be entered.

**December 21, 2018**                         **s/ Jerome B. Simandle**
Date                                                     JEROME B. SIMANDLE
                                                             U.S. District Judge